UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
WB MUSIC CORP., RODSONGS, and : Case No: 18-cv-04999
PURPLE RABBIT MUSIC, :
                      Plaintiffs, :
 :
v. : **COMPLAINT FOR VIOLATIONS**
 : **OF THE COPYRIGHT ACT**
 :
TNN ENTERPRISES, L.L.C. and WILLIAM : (17 U.S.C. §§ 101, et seq.)
HARNETT, :
 :
                      Defendants. :
------------------------------- x

       Plaintiffs, by their undersigned attorneys, allege:

    1.    This is a suit for copyright infringement under Title 17 of the United States Code.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

    3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

    4.    The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, Defendant TNN Enterprises, L.L.C. ("TNN") is a limited liability company organized under the laws of the state of New York.

6. At all relevant times, TNN did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tir Na Nog (the "Establishment"), located at 315 West 39th Street, New York, New York.

7. Musical compositions were and are publicly performed at the Establishment.

8. Defendant William Harnett ("Harnett" and, together with TNN, the "Defendants") is an individual who does business in this District.

9. On information and belief, at all times hereinafter mentioned, Harnett was, and still is, a managing member, principal, director, and/or owner of TNN.

10. At all times hereinafter mentioned, Harnett was, and still is, responsible for the control, management, operation and maintenance of the affairs of TNN.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Establishment, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Establishment.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 660,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. On November 1, 2013, TNN entered into a license agreement with ASCAP for the Establishment (the "ASCAP License").

16. TNN, however, failed to pay license fees as required by the ASCAP License. As a result of non-payment, ASCAP terminated the ASCAP License on written notice, effective as of November 30, 2017.

17. Since November 30, 2017, ASCAP has attempted to contact the Defendants, their representatives, agents, or employees, on numerous occasions to offer to reinstate the ASCAP License, upon payment of outstanding fees owed to ASCAP.

18. Defendants have refused all of ASCAP's offers to reinstate the ASCAP License.

19. ASCAP's various communications, offering to reinstate the ASCAP License gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at the Establishment constitute copyright infringement.

20. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to publicly perform copyrighted musical compositions of ASCAP's members at the Establishment, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since their respective dates of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at the Establishment, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at the Establishment of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at the Establishment include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court

restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at the Establishment, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated:  New York, New York
        June 5, 2018

RESPECTFULLY SUBMITTED,

By: /s/ Jackson P. Wagener
    Richard H. Reimer
    Jackson P. Wagener
    ASCAP
    1900 Broadway
    New York, NY 10023
    (212) 621-6018 (P)
    (212) 787-1381 (F)
    rreimer@ascap.com
    jwagener@ascap.com

*Attorneys for Plaintiffs*

## Schedule A

| Columns | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| Cause of Action | Plaintiff | Musical Composition | Writer(s) | Date of Registration | Certificate of Registration Number | Date of Known Infringement |
| 1. | WB MUSIC CORP. | FLASH DANCE WHAT A FEELING | Giorgio G. Moroder<br>Irene Cara<br>Keith Forsey | June 7, 1983 | PA 176-513 | February 2, 2018 |
| 2. | RODSONGS | OFF THE WALL | Rod Temperton | August 6, 1979 | PA 47-558 | April 13, 2018 |
| 3. | PURPLE RABBIT MUSIC | FAST CAR | Tracy L. Chapman | March 1, 1988 | PA 417-827 | April 13, 2018 |